J-S07012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON MICHAEL APOSTOLEC, | |
| Appellant | No. 1308 MDA 2014 |

Appeal from the PCRA Order July 14, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):
CP-36-CR-0001446-2010
CP-36-CR-0002726-2010
CP-36-CR-0003464-2010
CP-36-CR-0004794-2010
CP-36-CR-0004806-2010

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 25, 2015**

Brandon Michael Apostolec (Appellant) appeals from the July 14, 2014 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In August 2011, Appellant entered an open guilty plea to all charges against him.  Of note, the charges at docket Nos. 2726-2010 and 3464-2010 consisted of one count each of burglary and theft of a handgun.[1]  In October

---

[1] Respectively, 18 Pa.C.S. §§ 3502(a) and 3921(a), the latter graded as a felony of the second degree.  ***See*** 18 Pa.C.S. § 3903(a)(2).  Other charges against Appellant included two counts of terroristic threats, three counts of
*(Footnote Continued Next Page)*

2011, the lower court imposed a sentence of eleven to twenty-seven years' incarceration. The sentences imposed for the theft of handgun crimes run concurrently with the corresponding burglary convictions.[2]

Appellant timely filed a motion to modify sentence, which was denied by the trial court. Appellant timely appealed, and this Court affirmed in part and vacated in part. ***Commonwealth v. Apostolec***, 62 A.3d 455 (Pa. Super. 2012) (unpublished memorandum).[3]

In September 2013, Appellant timely filed *pro se* a PCRA petition, and counsel was appointed. Thereafter, Appellant filed an amended, counseled petition, alleging ineffective assistance of plea counsel. In April 2014, the PCRA court held a hearing, at which Appellant and plea counsel testified.

According to Appellant, he had authorized plea counsel to disclose the location of one of the stolen handguns, provided the Commonwealth offered a deal or in order to "gain some kind of leverage with the DA." Notes of Testimony (N.T.), 4/1/2014, at 5. However, plea counsel disputed this

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

burglary, and three counts of theft by unlawful taking. Respectively, 18 Pa.C.S. §§ 2706(a)(2) and (3), 3502(a), and 3921(a).

[2] In contrast, the sentences for the remaining theft charges merged with their respective burglary charges. ***See*** 18 Pa.C.S. § 3502(d).

[3] On appeal, this Court vacated a portion of Appellant's sentence, but as it did not disrupt the overall sentencing scheme, no further action was required by the sentencing court. ***Id.*** That error has no bearing on the disposition of this appeal.

testimony, suggesting that he had advised Appellant of the benefits of surrendering the stolen handgun. He testified as follows:

> Q. And what did you do with that information [re: the location of the gun]?
>
> A. Well, I know Brandon, you know, wanted me to have a tit for tat, you know, if they give me a number, you know, I'll give them the gun. But I also discussed that it still looks good – most judges – it looks good, you know, to turn a handgun in, even at an open plea. I mean, it shows that you don't want a gun out there.
>
> …
>
> Q. This idea of using the gun to sort of curry or gain leniency or curry favor with the [c]ourt, was that your idea?
>
> A. It was my idea and we did discuss it.
>
> Q. Were you authorized to surrender the gun to the police for that purpose by your client?
>
> A. I believe so.

*Id.* at 14-15. Thereafter, the PCRA court observed that plea counsel had argued before the sentencing court that Appellant had cooperated with police, insofar as he returned a stolen handgun. *Id.* at 22-23. Further, the PCRA court noted that, despite consecutive sentences for each burglary, the sentencing court imposed concurrent sentences for the handgun thefts. *Id.* at 22.

In July 2014, the PCRA court denied Appellant's petition and issued an opinion. Appellant timely appealed and filed a court-ordered Pa.R.A.P.

1925(b) statement. The PCRA court issued a responsive memorandum incorporating its prior opinion.

Appellant presents the following question for our review:

Whether the [PCRA court] erred in denying post-conviction relief where [plea] counsel disclosed confidential information relating to the representation of [Appellant] to the Commonwealth to the disadvantage of the client?

Appellant's Brief at 4.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Appellant asserts that plea counsel was ineffective for disclosing confidential information to the Commonwealth. According to Appellant, plea counsel was authorized *only* to reveal the location of the handgun, or to surrender the stolen handgun to the Commonwealth, in exchange for a favorable plea offer. As plea counsel was unable to secure an offer from the Commonwealth, his disclosure created an actual conflict of interest, which presumptively prejudiced Appellant. Appellant's claim is without merit.

To establish ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable

- 4 -

basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** A claim will be denied if the petitioner fails to meet any one of these requirements. ***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007)).

Here, the PCRA court determined that plea counsel "testified credibly … that he believed he was authorized by [Appellant] to surrender the stolen handgun." ***See*** PCRA Court Opinion, 7/14/2014, at 5. We may not disturb this finding, as it is supported by the record. ***See*** N.T., at 15; ***Johnson***, 966 A.2d at 539 (noting that the credibility determinations of the PCRA court are "provided great deference"); ***Carr***, 768 A.2d at 1166. Further, this finding is dispositive, as it eliminates from our consideration the very premise of Appellant's legal argument to this Court.

Nevertheless, we will proceed to examine briefly whether plea counsel's disclosure was objectively reasonable.

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a

hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

*Commonwealth v. Pander*, 100 A.3d 626, 631 (Pa. Super. 2014) (*en banc*) (citations omitted).

The PCRA court concluded as follows:

> [I]t is very clear that the gun was turned over in order to make a good impression on the [c]ourt since [Appellant] was entering an open guilty plea and the [c]ourt would be deciding [Appellant's] sentence. Attempting to obtain a better sentence by showing the [c]ourt that [Appellant] was cooperative and surrendered the stolen handgun is certainly a reasonable basis for [plea counsel's] actions.

PCRA Court Opinion, at 5. We agree with this analysis. Indeed, as recognized by the PCRA court, Appellant received a concurrent term of incarceration for the handgun thefts – suggestive, at least, that plea counsel's strategy was successful. In light of Appellant's authorization, the decision of plea counsel to surrender the stolen handgun to the Commonwealth was objectively reasonable, in that it reflected counsel's efforts to minimize the term of incarceration imposed upon Appellant.[4]

Order affirmed.

---

[4] In light of the foregoing, we need not consider Appellant's argument that plea counsel's disclosure was presumptively prejudicial. *See Commonwealth v. Reaves*, 923 A.2d 1119, 1128 (Pa. 2007) (recognizing the presumption of prejudice where counsel had an actual conflict of interest); *Springer*, 961 A.2d at 1267.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/25/2015